UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMBER N. L.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-461 |
| | ) |
| KILOLO KIJAKAZI [2], | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Amber L., on December 17, 2020. For the following reasons, the decision of the Commissioner is **AFFIRMED.**

*Background*

The plaintiff, Amber L., filed applications for Disability Insurance Benefits and Supplemental Security Income on November 2, 2018, alleging a disability onset date of January 30, 2018. (Tr. 11). The Disability Determination Bureau denied Amber L.'s applications initially on March 1, 2019, and again upon reconsideration on June 4, 2019. (Tr. 11). Amber L. subsequently filed a timely request for a hearing on September 17, 2019. (Tr. 11). A hearing was held via telephone (due to the Coronavirus pandemic) on May 19, 2020, before Administrative Law Judge (ALJ) Romona Scales. (Tr. 11). Vocational Expert (VE) Carrie E. Anderson also appeared at the hearing. (Tr. 11, 28). The ALJ issued an unfavorable decision on

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

[2] Andrew M. Saul was the original Defendant in this case. He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

June 18, 2020. (Tr. 11-22). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

First, the ALJ found that Amber L. met the insured status requirements of the Social Security Act through March 31, 2018. (Tr. 13). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Amber L. had not engaged in substantial gainful activity since January 30, 2018, her alleged onset date. (Tr. 13).

At step two, the ALJ determined that Amber L. had the following severe impairments: optic nerve hypoplasia, depression, and generalized anxiety disorder. (Tr. 13). The ALJ found that the above medically determinable impairments significantly limited Amber L.'s ability to perform basic work activities. (Tr. 13). Amber L. also alleged disability due to thrombophlebitis, varicose veins, and DVT. (Tr. 14). However, the ALJ indicated that those impairments did not meet the durational requirement of a severe impairment. (Tr. 14).

At step three, the ALJ concluded that Amber L. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). The ALJ found that no medical evidence indicated diagnostic findings that satisfied any listed impairment. (Tr. 14-15).

After consideration of the entire record, the ALJ then assessed Amber L.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing ladders, ropes or scaffolds; no exposure to hazards, including slippery, uneven, wet surfaces; moving machinery and unprotected heights; has the visual acuity to see and avoid hazards in the workplace; can exercise frequent near and far acuity and no reading requirement.[3]   Further,   the   claimant   can   understand,

---

[3] The RFC includes a footnote citing to SSR 85-15(4), which states: "As a general rule, even if a person's visual impairment(s) were to eliminate all jobs that involve very good vision (such as working with small objects or reading small print), as long as he or she retains sufficient visual acuity to be able to handle and

2

> remember and carryout simple, routine to detailed tasks/instructions involving no more than 5 steps; can maintain adequate attention/concentration for said tasks/instructions; she is limited to superficial interaction with coworkers; occasional and superficial contact with the general public; no fast paced production/quotas meaning no tandem work assignments, machine regulated work or hourly production requirements and can manage the changes in an unskilled, detailed oriented work environment.

(Tr. 16). The ALJ explained that in considering Amber L.'s symptoms she followed a two-step process. (Tr. 16). First, she determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could have been expected to produce Amber L.'s pain or other symptoms. (Tr. 16). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Amber L.'s functioning. (Tr. 16).

After considering the evidence, the ALJ found that Amber L.'s medically determinable impairments reasonably could have caused some symptomology. (Tr. 17). However, she found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 17). The ALJ relied on the psychological consultative examination in making her opinion. (Tr. 19).

At step four, the ALJ found that Amber L. was unable to perform any past relevant work. (Tr. 20). However, the ALJ found jobs that exist in significant numbers in the national economy that Amber L. could perform. (Tr. 21). Therefore, the ALJ found that Amber L. had not been under a disability, as defined in the Social Security Act, from January 30, 2018, through the date

---

work with rather large objects (and has the visual fields to avoid ordinary hazards in a workplace), there would be a substantial number of jobs remaining across all exertional levels. However, a finding of disability could be appropriate in the relatively few instances in which the claimant's vocational profile is extremely adverse, e.g., closely approaching retirement age, limited education or less, unskilled or no transferable skills, and essentially a lifetime commitment to a field of work in which good vision is essential."

3

of this decision.  (Tr. 21).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence.  **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence.").  Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion."  ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting ***Consol. Edison Co. v. NLRB***, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see **Bates***, 736 F.3d at 1098.  A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law.  ***Roddy v. Astrue***, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues."  ***Lopez ex rel Lopez v. Barnhart***, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act.  The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  **42 U.S.C. § 423(d)(1)(A)**.  The Social Security regulations enumerate the five-step sequential evaluation to

4

be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Amber L. has requested that the court remand this matter for additional proceedings. In

her appeal, Amber L. argues that the ALJ's RFC was not based upon substantial evidence. Amber L. specifically alleges that the ALJ failed to account for the severity of her mental health impairments, that the ALJ erred in evaluating her optic nerve hypoplasia, and that the ALJ erred at step 5.

As an initial matter, Amber L. fails to cite a single case in support of any of her arguments in the three and a half pages of the argument portion of her opening brief.[4]  She devotes two paragraphs to her mental RFC argument, three paragraphs to her physical RFC argument, and three paragraphs to her vocational testimony argument.  Underdeveloped arguments that are unsupported by appropriate authority, such as these, are generally deemed waived.  **United States v. Berkowitz**, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made it clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived …."); *see also* **Krell v. Saul**, 931 F.3d 582, 586 n.1 (7th Cir. 2019) (underdeveloped and unsupported arguments are waived), citing **Schaefer v. Universal Scaffolding & Equip., LLC**, 839 F.3d 599, 607 (7th Cir. 2016) ( "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); **Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.**, 419 F.3d 576, 581 (7th Cir. 2005) ("it is not our job to do the legal research that [counsel] has omitted."); **Pike v. Colvin**, No. 09 C 4351, 2015 WL 6756264, at *3 (N.D. Ill. Nov. 5, 2015) (stating perfunctory and underdeveloped arguments in social security appeals are waived).

To the extent that the court can address any of Amber L.'s underdeveloped and unsupported arguments, it appears that she is asking the court to reweigh evidence. In her "argument" for asserting that the ALJ failed to consider the severity of her mental health

---

[4] The first two pages of Amber L.'s brief is standard Social Security boilerplate.  In drafting the brief, Amber L.'s attorney referred to "Nagy," a failure to proofread the brief carefully. [DE 19 at pg. 1].

impairments, she simply lists the evidence and asserts that the evidence indicates the need for a more restrictive RFC. She does not provide any argument that the ALJ either ignored evidence or somehow mischaracterized evidence in the decision.  Instead, she states that given the evidence that the ALJ and the Appeals Council were given, they should have reached a different conclusion. In failing to provide any argument as to where the ALJ erred or how the ALJ's reasoning was incorrect or faulty, she is asking the court to reweigh evidence. The court cannot reweigh evidence or substitute its own judgment for that of the ALJ, and therefore the court must affirm.  **Brewer v. Chater**, 103 F.3d 1384, 1390 (7th Cir. 1997).

Similarly, Amber L.'s arguments regarding her physical impairments are nothing more than a request for the court to reweigh evidence.  Amber L. once again provides a list of her diagnoses and symptoms, and then states with no authority or argument that the ALJ should not have found that she possessed the visual acuity to see and avoid hazards in the workplace and could exercise frequent near and far acuity. Without an argument as to how the ALJ erred, this is asking the court to reweigh evidence, which it cannot do.

Finally, Amber L. asserts that the vocational expert found two jobs that she could perform but that both jobs required some level of reading or visual acuity, which would contradict the ALJ's RFC.  The ALJ's RFC stated that Amber L. was limited to work with no reading requirement, but that she had the visual acuity to see and avoid hazards in the workplace and could exercise frequent near and far acuity.  (Tr. 16).   Amber argues that the jobs the VE found that she could perform required reading, and therefore contradicted the ALJ's RFC.  She argues that the Packer/Inspector/Handpacker job required visual inspection of products for defects, and the Garment Sorter job required sorting finished garments according to lot and size numbers recorded on tags.  The ALJ properly relied on the VE's testimony and expertise in

finding that jobs exist in significant numbers in the national economy that Amber L. could perform.  *See* 20 C.F.R. §§ 404.1566(e), 419.966(e), **Liskowitz v. Astrue**, 559 F.3d 736, 745-46 (7th Cir. 2009) ("Where, as here, the VE identifies a significant number of jobs the claimant is capable of performing and this testimony is uncontradicted (and is otherwise proper), it is not error for the ALJ to rely on the VE's testimony.").  The VE testified that the occupations she found did not require reading within the work duties, and that her testimony was consistent with the information found in the DOT and the Selected Characteristics of Occupations.  (Tr. 67, 70).

Amber L. did not challenge the VE's findings at the hearing.  Moreover, the DOT finds that both jobs identified by the VE involve frequent near acuity, which the ALJ found Amber L. could exercise in the RFC determination.  (Tr. 16); *see also* DICOT 222.687-014, 1991 WL 672131 (Garment Sorter); DICOT 559.687-074, 1991 WL 683797 (Inspector and Hand Packager).  Amber L. provides no argument to support her claim that positions of packer and garment sorter required reading and therefore contradicted the restrictions laid out in the RFC. In fact, the VE's testimony refutes that claim entirely. (Tr. 67).  As a result, the court finds that the ALJ's reliance was proper.

Amber L.'s arguments are underdeveloped, and without any support from either case law or the regulations, they are waived.  Further, her requests for the court to reweigh evidence are improper.

Based on the foregoing reasons, the court **AFFIRMS** the decision of the Commissioner.

ENTERED this 25th day of January, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge